UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RICHARD N. BELL, )
)
        Plaintiff, )
)
        v. ) No. 1:17-cv-04418-SEB-MJD
)
HALCYON BUSINESS PUBLICATIONS, )
INC., )
)
        Defendant. )

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION**

This cause is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction [Docket No. 16], filed on December 29, 2017, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiff Richard N. Bell has brought his claim against Defendant Halcyon Business Publications, Inc. ("Halcyon"), alleging that Halcyon committed copyright infringement when it allegedly downloaded and posted on its website a photograph of the Indianapolis skyline ("Indianapolis Photo") taken by Mr. Bell.[1] Halcyon contends that this court lacks personal jurisdiction over it and seeks dismissal. For the reasons detailed below, we **GRANT** Defendant's Motion to Dismiss.

---

[1] This is one of many similar lawsuits brought by Plaintiff based on the alleged misappropriations of his copyright interest in this photograph. Plaintiff himself has estimated the number of such lawsuits to be in the range of two hundred. Mark Alesia, *Lawsuits tower over Indy skyline picture*, THE INDIANAPOLIS STAR, May, 8, 2018, at 1A.

1

**Factual Background**

Mr. Bell, an Indiana resident, filed his complaint in this action on November 29, 2017, alleging copyright infringement and violations of the Lanham Act. Specifically, Mr. Bell alleges that Halcyon displayed on its website the Indianapolis Photo without his permission and added a copyright notice to its site falsely indicating that Halcyon owns the rights to the Indianapolis Photo.

Halcyon is a for-profit limited corporation organized under the laws of New York with its principal place of business in Westbury, New York. Dennis Shea owns Halcyon and is a resident of Westbury, New York. Halcyon publishes Area Development magazine, which is a publication covering corporate site selection and relocation throughout the United States. Halcyon also operates a website which displays postings regarding cities around the country, including Indianapolis. Halcyon does not maintain any offices in Indiana, has no employees in Indiana, holds no assets located in Indiana, pays no taxes to the State of Indiana, and has no bank or other financial institution accounts in Indiana. Likewise, Mr. Shea, the principal officer of Halcyon, has never lived in Indiana, does not have an Indiana driver's license or a bank account in Indiana, and has never paid taxes to the State of Indiana.

Halcyon acknowledges that, between 2011 and 2017, it paid one Indiana resident, Steve Stackhouse-Kaelble, to write for Area Development as an independent contractor.[2]

---

[2] It is not entirely clear from the record, but it appears that three other contributors to Area Development throughout the relevant time period may also be Indiana residents. There is no evidence that these individuals were paid by Halycon or that any of those individuals wrote the article in which the Indianapolis Photo appeared.

Halcyon did not, however, pay Mr. Stackhouse-Kelble to write the article that contained the Indianapolis Photo. Halcyon also sold advertising to two Indiana companies between 2011 and 2017, which advertisements represented 3.26% and 4.55% of Halcyon's total online and magazine revenues in 2016 and 2017, respectively. Of the 34,701 total unpaid subscribers of Area Development magazine nationwide, 1,056 are from Indiana, comprising 3% of total subscribers. The record before us reveals that Halcyon has no other connections with Indiana.[3]

## Legal Analysis

### I. Applicable Law

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking. When "[a] defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When, as here, a district court rules on a defendant's motion to dismiss based on the submission of written materials, the plaintiff "need only make out a *prima facie* case of personal jurisdiction" and "is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Id.* (internal citations omitted).

---

[3] Mr. Bell makes various representations about the inner workings of Halcyon's business in his responsive briefing. However, in support of these claims, Mr. Bell relies largely on his own declaration containing broadly framed allegations unsupported by personal knowledge, unauthenticated exhibits, and citations to interrogatory answers that do not contain the propositions for which they are cited.

3

In order to properly exercise personal jurisdiction over a non-resident defendant, the court must undertake and satisfy a two-step analysis. First, the court must determine whether its exercise of jurisdiction over the defendant comports with the forum's long-arm statute. Assuming the first step is satisfied, the court must then determine whether this exercise is authorized by the Due Process Clause of the Constitution. *See Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). Because Indiana's long-arm statute "reduce[s] analysis of personal jurisdiction to the issue of whether the exercise of personal jurisdiction is consistent with the [f]ederal Due Process Clause," we need only discuss the second step of this analysis. *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006); Ind. Trial R. 4.4(a).

Due process subjects a defendant to personal jurisdiction in a particular state only if the defendant has "certain minimum contacts with [that state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A defendant's "minimum contacts" with the forum state must involve its "purposeful[ ] avail[ment] … of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 109 (1987) (citation omitted). The requirement of purposeful availment allows potential defendants to reasonably anticipate conduct for which they may be haled into court in a foreign jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

Personal jurisdiction may be either specific or general. The exercise of specific jurisdiction over a particular defendant is proper if the cause of action "is related to or 'arises out of' [the] defendant's contacts with the forum … [such] that a 'relationship among the defendant, the forum, and the litigation" exists. *Helicoptores Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). By contrast, the Constitution places a "considerably more stringent" restriction on a court's exercise of general jurisdiction. *Purdue Research Found.*, 338 F.3d at 787 (citing *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 619 (1st Cir. 2001)). General jurisdiction over a particular defendant exists only "when the [party's] affiliations with the State in which suit is brought are so constant and pervasive 'as to render [i]t essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 121 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "These contacts must be so extensive to be tantamount to [the defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in an Indiana court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Purdue Research Found.*, 338 F.3d at 787. In other words, where such continuous and systematic contacts are present, the court may exercise jurisdiction over the defendant regardless of the subject matter of the lawsuit. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002).

## II.  Discussion

Mr. Bell maintains that, by virtue of its contacts with Indiana, Halcyon is subject to both general and specific jurisdiction in the state.  We disagree.  First, with regard to general jurisdiction, it is clear that Halcyon does not have the requisite "continuous and systematic contacts" with Indiana that would render it "essentially at home" here as is required for the exercise of general jurisdiction.  *See Goodyear*, 564 U.S. at 919.  Mr. Bell attempts to support general jurisdiction over Halcyon with a one-sentence assertion, to wit, that "each year," the company has "'continuous and systematic contacts' with more than 4,000 [ ] Hoosier residents."  Pl.'s Resp. at 6.  However, Mr. Bell fails to cite any evidence to support this number of claimed contacts with Indiana or expand in any way on this conclusory assertion.  The Seventh Circuit has recognized that in cases like this where the defendant is neither incorporated in nor has its principal place of business in the forum state, the exercise of general jurisdiction requires "more than the 'substantial, continuous, and systematic course of business' that was once thought to suffice."  *Kipp v. Ski Enterprise Corp. of Wis., Inc.*, 783 F.3d 695, 698 (7th Cir. 2015) (citing *Daimler*, 571 U.S. at 136–39).  Thus, even if true, the mere fact that Halcyon may have contacts with 4,000 Indiana residents annually is not by itself sufficient to establish general jurisdiction.  Mr. Bell cites no evidence that would satisfy the "stringent criteria laid out in *Goodyear* and *Daimler*," *Kipp*, 783 F.3d at 698, required to exercise general personal jurisdiction.

We turn next to Mr. Bell's contention that Halcyon's Indiana connections are sufficient to establish specific jurisdiction here.  Again, we disagree.  Mr. Bell argues that

6

Halcyon purposefully availed itself of conducting business in Indiana "by soliciting and selling ads; sending Area Development to 1056 quarterly subscribers [in Indiana]; and hiring writers who live and work in Indiana who wrote 108 articles in the last few years." Pl.'s Resp. at 7. Even assuming the truth of all of these assertions,[4] a defendant's "general connections with the forum are not enough." *Bristol-Myers Squibb Co. v. Sup. Ct. of Calif., San Francisco County*, 137 S.Ct. 1773, 1781 (2017). Rather, "[i]n order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Id.* (quoting *Goodyear*, 564 U.S. at 919). In other words, the claim against the defendant and the plaintiff's injury "must 'arise out of or relate to' the defendant's forum conduct." *Id.* at 1786 (quoting *Helicopteros*, 466 U.S. at 414).

The only claim set forth in Mr. Bell's complaint is that Halcyon infringed his copyright to the Indianapolis Photo by posting the photograph on its website and falsely representing that it owned the rights to the image.[5] Mr. Bell has failed to show how any of Halcyon's Indiana contacts, save for its operation of a website accessible to Indiana residents, are related to this claim. It is well-established that defendants cannot be "haled into court simply because the defendant owns or operates a website that is accessible in

---

[4] As noted above, in support of his contentions, Mr. Bell relies largely on his own declaration replete with allegations unsupported by personal knowledge, unauthenticated exhibits, and citations to interrogatory answers that do not contain the propositions for which they are cited.
[5] In his response in opposition to the instant motion to dismiss, Mr. Bell for the first time claims (without citation to any evidence) that Halcyon sent an Area Development publication to its subscribers by United States Mail or email that contained the Indianapolis Photo. However, no such allegation is contained in his complaint.

7

the forum state, even if that site is 'interactive.'" *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (quoting *Ill. v. Hemi Grp., LLC*, 622 F.3d 754, 760 (7th Cir. 2010)). There is no indication here that Halcyon targeted Indiana's market with the online article that allegedly included the Indianapolis Photo. Without such evidence, Halcyon is not subject to specific personal jurisdiction in Indiana. *See id.* ("If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution.").

For these reasons, Defendant's Motion to Dismiss is <u>GRANTED</u> without prejudice. Final judgment shall be entered accordingly.

IT IS SO ORDERED.

Date: 5/24/2018

_SARAH EVANS BARKER, JUDGE_
United States District Court
Southern District of Indiana

Distribution to counsel of record via CM/ECF